**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| XAVIR FRANCIS ENOS, ) | |
| ) | No. 0:10-cv-02179-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff requests $3,982.50 in attorney's fees on the ground that he is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the Administrative Law Judge (ALJ) pursuant to 42 U.S.C. § 405(g), Enos is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-

1

issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that the government's position was not substantially justified simply because it lost the case. Crawford, 935 F.2d at 656.

Here, the court remanded because the hypothetical questions posed by the ALJ to the Vocational Expert (VE) were "inadequate to apprise the VE of all of Enos's medically-supported mental impairments." Dkt. No. 29 at 8. More specifically, the court determined,

> Since the ALJ found that Enos had "moderate" limitations in concentration, persistence, and pace on October 8, 2007, Tr. 31, he was required to adequately convey that limitation to the VE. The ALJ's use of the terms "simple one, two step-tasks" and "low stress," Tr. 62-63, did not adequately account for Enos's limitations in concentration.

Id. at 11. Further, the court found that the ALJ improperly excluded non-exertional impairments that were supported by the record in his hypothetical questions. Id. at 12. In sum, the court concluded that "[t]he ALJ erred in finding Enos was not disabled beginning October 8, 2007 because the hypothetical questions were

inadequate to apprise the VE of all of Enos's non-exertional limitations, and therefore the Commissioner failed to meet his burden." Id.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986) (noting that administrative agencies must "follow the law of the circuit whose courts have jurisdiction over the cause of action"); Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). Under applicable law, the government bears the burden at step five of the sequential evaluation process of showing that the claimant is able to perform other work considering both his remaining physical and mental capacities and his vocational capabilities. Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The inadequacies of the ALJ's hypothetical questions posed to the VE were legal errors necessitating remand in this case. The government failed to meet its burden under step five, and its stance in support of the ALJ's decision was not substantially justified.

The government asserts that its position was substantially justified because the magistrate judge recommended affirming the decision of the ALJ, which it contends demonstrates that reasonable minds could differ on whether the ALJ's decision was supported by substantial evidence. However, while the magistrate judge's Report and Recommendation was thorough in other respects, it did not materially discuss

whether the ALJ submitted appropriate questions to the VE. See Mag. R&R at 22. Thus, the court is not persuaded in this case that the government's position was substantially justified on the basis that the magistrate judge recommended affirming the ALJ's decision.

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** plaintiff's motion and awards fees in the amount of $3,982.50.[1]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 15, 2012**
**Charleston, South Carolina**

---

[1] The award is based on a total of 22.5 attorney hours at a rate of $177 per hour. This is a reasonable request, and defendant does not object to the calculation of the fee. The EAJA requires attorney's fees to be awarded directly to the litigant. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009). The court therefore grants attorney's fees to plaintiff, not his attorney, in the amount of $3,982.50.

4